PER CURIAM:
Claimant, Larry C. McNair, seeks an award from the Bureau of Employment Programs, Employment Service Division, for loss of personal property sustained by a breaking and entering of a West Virginia State owned vehicle at 7:00 p.m. on September 29, 1992, in Cambridge, Ohio.
From the evidence adduced at the hearing on February 25, 1993, it appears that the claimant was employed by the respondent State agency as a Programmer Analyst; that he was returning to Cross Lanes, West Virginia, from Wheeling, in a State-owned vehicle; that he stopped in Cambridge, Ohio, to dine at a restaurant; that the vehicle was vandalized; and that claimant’s personal property, as well as State-owned property was stolen. The damage to the vehicle and the loss of the State-owned property were reimbursed by the State’s insurance; however, the claimant was not reimbursed for his personal property which was stolen. He estimated the value of his stolen belongings at $1,095.85.
This Court finds, after reviewing the record, that the claimant was required to travel as a result of his employment and that certain of the personal items which were stolen were necessary items for travel. The State, being the owner of the vehicle, had the right to control the details of the work done by the claimant, therefore, creating a master-servant relationship. MacGregor v. Bradshaw, 193 Va. 787, 71 S.E.2d 361 (1952). 193 Va. 787, 71 S.E.2d 361 (1952). Courts have held that once in control of the master’s property, the joinder of the master’s and servant’s business will not relieve the master from responsibility if the deviation is not too extensive. Likewise, in the instant claim, the claimant was in control of the master’s property while discharging the master’s business. The fact that the claimant had personal possessions inside the master’s vehicle does not relieve the master of responsibility when the claimant was acting
within the normal scope of business and the personal items of the claimant were necessary for carrying out the business of the master, cf. Kidd v. Dewitt, 128 Va. 438, 105 S.E. 124 (1920).
The claimant seeks an award for $1,095.85. However, after reviewing the list of items stolen, this Court finds that some of the items on the list were not necessary for the claimant’s employment and denies reimbursement for such items.
Accordingly, this Court grants an award in the amount of $1,030.16.
Award of $1,030.16.